UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY TITUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:21-cv-00125-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 13). |

　　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 8).

　　　　Plaintiff argues that: (1) "The ALJ Improperly Analyzed the Medical Opinions"; (2) "The ALJ Improperly Rejected Plaintiff's Testimony"; and (3) "The ALJ's Step-Five Finding Is Not Supported By Substantial Evidence." (ECF No. 13, p. 4). Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

I.     ANALYSIS

    A.     Dr. Joseph Serra's Opinions

        1.     Standards of review

Plaintiff argues that the ALJ erred by failing to provide adequate reasons to discount the opinions offered by Dr. Joseph Serra, who specializes in Orthopedics and examined Plaintiff in February 2020, opining that she suffered various limitations, *e.g.*, that Plaintiff could only stand and walk for up to two hours in an eight-hour workday, that she could sit up to four hours in an eight-hour workday, that she could never climb stairs, ladders, or scaffolds, and that she could never stoop, crouch, kneel, or crawl. (ECF No. 13, pp. 7-8); (A.R. 546, 551, 554). Had Dr. Serra's opinions been credited, Plaintiff contends that she would have been deemed disabled. (ECF No. 13, p. 9).

The parties agree that this claim is governed by the agency's "new" regulations concerning how ALJs must evaluate medical opinions for claims filed on or after March 27, 2017.[1] 20 C.F.R. §§ 404.1520c, 416.920c; (ECF No. 13, pp. 6-7; ECF No. 16, pp. 5-6). The regulations set "supportability" and "consistency" as "the most important factors" when determining the opinions' persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). And although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a)-(b); 416.920c(a)-(b).

However, the parties disagree as to whether these new regulations displace prior case law that gave deference to certain medical opinions and that addressed the specificity by which an ALJ was required to articulate his or her reasoning. The case authority preceding the new regulations required an ALJ to provide clear and convincing or specific and legitimate reasons for rejecting certain medical opinions. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) ("To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or

---

[1] Plaintiff applied for disability benefits in April 2019. (A.R. 15, 171).

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.") (alteration in original and internal citations omitted); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983) ("If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."). Plaintiff argues that these standards still govern; Defendant argues that they have been displaced. (*See* ECF No. 13, pp. 6-7; ECF No. 16, p. 6).

Since the filing of Plaintiff's motion for summary judgment,[2] the Ninth Circuit has decided the issue:

> The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant. *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . ., including those from your medical sources."). Our requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is likewise incompatible with the revised regulations. Insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations.

*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Accordingly, under the new regulations, "the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787. "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.*

In conjunction with this requirement, "[t]he agency must 'articulate . . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these

---

[2] Plaintiff filed her motion for summary judgment on April 14, 2022; *Woods* was issued on April 22, 2022. Plaintiff's reply, filed post-*Woods*, notes that the new regulations apply but the reply does not directly address *Woods*. (ECF No. 17).

3

findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792.

> Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Id.* § 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2).

*Id.* at 791-92.[3]

Accordingly, the Court will review Plaintiff's argument under the above standards.

### 2. Analysis

Turning to the merits, the ALJ concluded that Dr. Serra's opinions were unpersuasive for the following reasons:

> Joseph B. Serra, MD . . . opined the claimant can lift and carry ten pounds, stand one hour, sit two hour[s], and is limited in her ability to manipulate objects and perform postural (Exhibit 3F). Dr. Serra also indicated the claimant needs crutches to ambulate (Exhibit 3F). The undersigned does not find Dr. Serra's opinion persuasive because it is not supported by his examination findings and it is inconsistent with the medical evidence of record. Although the claimant exhibited tenderness of her fingers, right foot and spine, and Heberden's nodes, there is no indication in the record that she is as limited as Dr. Serra opined. As discussed above, the evidence generally showed claimant has normal motor and sensory function and she often exhibited no acute distress (Exhibits 1F; 3F; 4F). Moreover, the doctor appeared to be overly influenced by the claimant's appearance at the examination in a CAM walker boot and crutches. At the hearing she testified that she does not usually use crutches often, but that her appearance at the consultative examination must have been a particularly bad day (Hearing testimony). In addition, Dr. Serra explained his recommended limitations as being based primarily on the claimant's "substantial subjective complaints." While the claimant's subjective complaints are to be considered, they should not entirely

---

[3] As the Ninth Circuit also noted, "The revised regulations recognize that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion. *See id.* § 404.1520c(c)(3). Thus, an ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* § 404.1520c(c)(3)(i)–(v). However, the ALJ no longer needs to make specific findings regarding these relationship factors." *Woods*, 32 F.4th at 792 (citing § 404.1520c(b)(2)). "A discussion of relationship factors may be appropriate when 'two or more medical opinions . . . about the same issue are . . . equally well-supported . . . and consistent with the record . . . but are not exactly the same.' *Id.* § 404.1520c(b)(3). In that case, the ALJ 'will articulate how [the agency] considered the other most persuasive factors.'" *Id.* Here, there is no argument that Dr. Serra's opinions were found to be equally well-supported and consistent with the record as another but not exactly the same.

trump the objective findings upon examination or the clinical, diagnostic, and laboratory findings reflected in the medical evidence of record.

(A.R. 21-22).

The first reason given to find Dr. Serra's opinions unpersuasive is that they were unsupported by Dr. Serra's examination findings. (A.R. 22). This reasoning invokes the supportability factor, which considers the relevant objective medical evidence and supporting explanations for a medical source opinion. Turning to Dr. Serra's opinion, as the ALJ noted, Dr. Serra's findings do appear to be primarily based on Plaintiff's presentation at the examination and her subjective complaints. For example, Dr. Serra repeatedly noted that Plaintiff was using crutches and wearing a boot as well as her "significant subjective complaints." (A.R. 553; *see also* A.R. 548, 549, 550). Likewise, Dr. Serra noted that it was difficult to evaluate Plaintiff's activity level based on "one brief encounter" with her and did not know whether the limitations he assessed would last for twelve consecutive months. (A.R. 554, 557). Furthermore, at the hearing, Plaintiff indicated that she was not currently using crutches on a regular basis but stated that she would use them on certain occasions when she had a particular need, thus supporting the ALJ's conclusion that Plaintiff's appearance with crutches at the exam before Dr. Serra meant she was experiencing worse symptoms than on a typical day. (A.R. 42-43).

The next reason given by the ALJ to find Dr. Serra's opinions unpersuasive is that they were inconsistent with the medical record, noting that while there were some abnormal findings, there was no indication in the record that she was as limited as Dr. Serra opined. Specifically, the ALJ cited to normal findings in the record regarding Plaintiff's motor and sensory function and that Plaintiff often exhibited no acute distress. (A.R. 22). This reasoning invokes the consistency factor, which considers whether a medical opinion is consistent with other evidence from medical and nonmedical sources. The ALJ's assessment is supported by the record. For example, Plaintiff was noted as having "no muscular tenderness" and "full range of motion without pain." (A.R. 285). And Plaintiff's general appearance was noted as "well appearing, and in no distress." (A.R. 626). Further, Dr. Serra's own exam revealed normal findings, such as "5/5" in "[m]otor strength." (A.R. 551). *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding

5

ALJ's decision to not fully credit a doctor's statement where there were normal findings and "not the sort of description [of observations] and recommendations [for treatment] one would expect to accompany a finding that [the claimant] was totally disabled under the Act"). While Plaintiff argues that the ALJ's own summary of the medical evidence could support Dr. Serra's limitation, this, at most, amounts to another rational interpretation of the evidence, which is not sufficient to conclude that the ALJ erred. *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

Lastly, it is worth noting that the ALJ deemed persuasive the opinions of State Agency Medical Consultants, Dr. Jackson and Dr. Bullard, who opined that Plaintiff "could perform light work with postural limitations." (A.R. 21, 66, 78). Both opinions did not find substantial evidence to support Plaintiff's allegation of Fibromyalgia but found that her chronic pain limited her to light work. (A.R. 66, 78). The ALJ concluded that such opinions were generally supported by the record, ultimately concluding that Plaintiff was capable of light work. (*See* A.R. 20-22).

Based on the above, the Court concludes that the ALJ's decision to deem Dr. Serra's opinions unpersuasive was supported by substantial evidence after consideration of the supportability and consistency factors.

### B.     Plaintiff's Subjective Testimony

Next, Plaintiff argues that the ALJ failed to provide clear and convincing reasons to reject her subjective complaints. (ECF No. 13, pp. 9-10).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Additionally, an ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

As an initial matter, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 20). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

The ALJ summarized Plaintiff's complaints and the reasons for discounting them as follows:

> The claimant alleges disability due to rheumatoid arthritis, constant pain, psoriatic arthritis, psoriasis, fibromyalgia and osteoarthritis. Her alleged onset date is March 1, 2018. At the hearing, she testified to the following. She has pain and swelling in her hand, ankles and feet that affects her ability to stand more than ten minutes, walk more than five to ten minutes, and lift and carry more than five to ten pounds. She requires the use of cane.
>
> . . . .
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because they are not fully supported by the medical evidence of record. The medical evidence showed the claimant received conservative treatment for her impairments. Although the claimant presented to her consultative examination in a walking boot and ambulated with crutches, the medical evidence does not show that her treatment providers prescribed crutches (Exhibits 1F; 2F; 4F).

(A.R. 20, 21).

Inconsistencies with the medical record and a lack of support from the medical record are sufficient bases to discount a Plaintiff's subjective testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (noting that conflicts between testimony and objective medical evidence was a basis to discount a plaintiff's credibility); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

As the ALJ noted, Plaintiff received conservative treatment for her impairments. Although this sentence does not explain Plaintiff's conservative treatment history, elsewhere in the opinion the ALJ cited medical records that showed conversative treatment for Plaintiff's symptoms, *i.e.*, treatment with medications. (A.R. 285 (noting treatment with medication); 47 (Plaintiff's testimony about ability to stand, walk, and lift)); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Moreover, as the ALJ noted, there was a lack of objective medical evidence for Plaintiff's testimony, including that no treatment provider prescribed the use of crutches.[4] Elsewhere in the opinion, the ALJ also summarized Plaintiff's encounter with Dr. Serra, noting that "she maintained normal range of motion in her fingers, and she had full strength and normal sensation in her bilateral upper and lower extremities (Exhibit 3F/4, 5)." (A.R. 41).

Accordingly, the Court concludes that the ALJ provided legally sufficient reasons for not giving full weight to Plaintiff's subjective complaints.

### C.      Step-Five Finding

Lastly, Plaintiff argues that the ALJ's step-five findings—that Plaintiff was capable of other work than past relevant work—is not supported by substantial evidence because the hypothetical questions posed to the vocational expert did not properly set out the limitations assessed by Dr. Serra or Plaintiff's subjective-symptom testimony. (ECF No. 13, p. 11). However, as discussed above, the ALJ did not error in discounting Dr. Serra's opinions or Plaintiff's subjective-symptom testimony, and thus the failure to incorporate such did not render the step-five finding unsupported by substantial evidence.

\\\
\\\
\\\
\\\

---

[4] The Court notes that Plaintiff did not have any treating provider who offered an opinion that she had disabling impairments.

## II.  CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **July 18, 2022**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE